**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BARRY J. GARNER,
    Appellant,

   v.

DEPARTMENT OF THE ARMY,
    Agency.

DOCKET NUMBER
DE-0842-14-0476-I-1

DATE: February 5, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Janice L. Jackson, Leavenworth, Kansas, for the appellant.

Anne E. Hinkebein, Esquire, Fort Leavenworth, Kansas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

¶2    Effective April 7, 2001, the appellant resigned from his law enforcement officer (LEO) position as a GS-11 Regulatory Supervisory Specialist with the Department of Justice's Bureau of Prisons (BOP) after approximately 16 years of service.[2] IAF, Tab 7 at 63. On October 12, 2010, the appellant was appointed to a secondary LEO position as a GS-12 Regulatory Supervisory Specialist with the agency's Military Correctional Complex (MCC) in Fort Leavenworth, Texas. *Id.* at 35, 40.

¶3    On or before May 1, 2014, the appellant contacted the agency's Army Benefits Center (ABC) and inquired about a potential retirement date of January 31, 2015, under LEO special retirement coverage. *See* IAF, Tab 7 at 34; *see also* 5 U.S.C. § 8412(d) (establishing special retirement eligibility for LEOs under the Federal Employees Retirement System). By email dated May 1, 2014,

---

[2] The "Service History Detail" for the appellant indicates that he was employed by BOP from September 2, 1984, to January 15, 1985, and from December 8, 1985, until his April 7, 2001 resignation. Initial Appeal File (IAF), Tab 11 at 15. The Standard Form 50 documenting the appellant's resignation identifies his service computation date as July 24, 1985. IAF, Tab 7 at 63.

an ABC Human Resources (HR) Specialist informed the appellant that he was ineligible to retire on January 31, 2015. IAF, Tab 1 at 33-34. On May 28, 2014, the appellant sent an email to an HR Specialist in Fort Leavenworth's Civilian Personnel Advisory Center (CPAC) seeking assistance concerning his "retirement problem." *Id.* at 31. In response, the CPAC HR Specialist sent the appellant an email on May 30, 2014, informing him that, due to his break in service of greater than 3 days, he was not eligible to retire under LEO special retirement coverage in January 2015. *Id.* at 29-30; *see* 5 C.F.R. § 842.803(b).

¶4        During June 2014, the appellant communicated with the CPAC HR Specialist and the MCC's Resource Manager via email concerning his eligibility for LEO special retirement coverage. *See* IAF, Tab 1 at 21-29. By email dated June 19, 2014, the Resource Manager notified the appellant that he was ineligible for LEO special retirement coverage because of the break in service between his position with BOP and his current position. *Id.* at 22-23.

¶5        On July 15, 2014, the appellant filed a Board appeal and requested a hearing, alleging that the agency had improperly denied his request for LEO special retirement coverage. IAF, Tab 1 at 2-3. The administrative judge issued a show cause order in which he stated that the Board might not have jurisdiction over this appeal because it appeared that the agency had not issued a final decision denying the appellant's request for LEO service credit.[3] IAF, Tab 8 at 2.

---

[3] In the show cause order, the administrative judge indicated that the relevant regulation for purposes of determining the Board's jurisdiction over this appeal is 5 C.F.R. § 842.807(a), which pertains to the denial of an employee's request for approval of a position as a secondary position. *See* IAF, Tab 8 at 2. It is undisputed, however, that the appellant's position is a secondary LEO position. *See* IAF, Tab 7 at 40. The appellant is alleging that the agency improperly denied him LEO special retirement coverage due to his failure to satisfy the conditions in 5 C.F.R. § 842.803(b) as a result of his break in service. *See* IAF, Tab 1 at 9. Consequently, as the administrative judge made clear in the initial decision, the Board's jurisdiction in this appeal is governed by 5 C.F.R. § 842.807(b), which pertains to the denial of LEO special retirement coverage to an individual serving in an approved secondary LEO position because of his failure to meet the conditions in 5 C.F.R. § 842.803(b). *See* IAF, Tab 12, Initial Decision (ID) at 2.

Accordingly, the administrative judge directed the appellant to submit evidence and argument to show that the Board has jurisdiction over his appeal. *Id.* In response, the appellant asserted that the Board has jurisdiction over this appeal based on the May 30, 2014 email from the CPAC HR Specialist informing him that he was not eligible for LEO special retirement coverage because of his break in service. IAF, Tab 11; *see* IAF, Tab 1 at 29-30.

¶6 Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. ID at 1, 3. The administrative judge found that nothing in the record constitutes a final decision by the agency concerning the appellant's special retirement coverage, and that the Board therefore lacks jurisdiction over this appeal. ID at 3. The administrative judge stated that the dismissal of the appeal was without prejudice to refiling once the appellant receives a final agency decision on his request for LEO retirement coverage or, alternatively, if the agency refuses to issue such a decision. ID at 3 (citing *Scott v. Department of the Treasury*, 71 M.S.P.R. 42, 46-47 (1996)).

¶7 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition for review. PFR File, Tab 3.

## ANALYSIS

¶8 The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). As previously noted, 5 C.F.R. § 842.807(b) affords the Board jurisdiction over "[t]he final decision of an agency head denying an individual [LEO special retirement] coverage while serving in an approved secondary position because of failure to meet the conditions in section 842.803(b) . . . ."

¶9        Based on our review of the record, we agree with the administrative judge that the record does not contain a final decision by the agency regarding the appellant's request for LEO special retirement coverage.  *See* ID at 2.  Although the record includes emails from various agency employees informing the appellant that he is not eligible for LEO special retirement coverage, none of those emails can be properly characterized as a final decision so as to provide the Board with jurisdiction over this appeal pursuant to 5 C.F.R. § 842.807(b).  *See* IAF, Tab 1 at 20-23, 29-30, 33-34.

¶10       On review, the appellant argues for the first time that the following statement in the agency's August 14, 2014 response to his appeal constitutes a "final decision" so as to provide the Board with jurisdiction over this appeal: "The Agency's interpretation that Appellant is not eligible for retirement on January 31, 2015[,] and further that he is not eligible for special retirement coverage is correct."  PFR File, Tab 1 at 3; *see* IAF, Tab 7 at 8.

¶11       We find the appellant's argument unpersuasive.  The appellant does not cite any authority, nor do we know of any, to support his apparent contention that arguments made by an agency representative in response to an appeal qualify as a final decision under 5 C.F.R. § 842.807(b).  Therefore, this argument provides no basis for disturbing the administrative judge's finding that the Board lacks jurisdiction over this appeal.[4]

¶12       As noted above, rather than dismissing this appeal outright, the administrative judge dismissed the appeal without prejudice to refiling.  ID at 3.  An administrative judge has wide discretion to control the proceedings before him and the dismissal of an appeal without prejudice to refiling is a procedural option committed to his sound discretion.  *Argabright v. Department of Defense*, 113 M.S.P.R. 152, ¶ 6 (2010); *Selig v. Department of the Army*, 102 M.S.P.R.

---

[4] We do not address the appellant's remaining arguments on review, which pertain to the merits of his appeal and are immaterial to the dispositive jurisdictional issue.  *See* PFR File, Tab 1 at 2-3, 4.

189, ¶ 6 (2006). Nevertheless, an administrative judge must exercise his discretion in a manner consistent with Board policy, including the Board's policy that cases be adjudicated expeditiously. *See Schulte v. Department of the Air Force*, 100 M.S.P.R. 141, ¶ 5 (2005). The Board has held that when an administrative judge dismisses a case without prejudice, he must set a date certain for refiling, rather than leaving the refiling date open or ambiguous. *Thomas v. Department of the Treasury*, 115 M.S.P.R. 224, ¶ 6 (2010).

¶13      Here, the administrative judge did not set a date certain for refiling the appeal, opting instead to dismiss the appeal without prejudice to refiling once the appellant receives a final agency decision on his request for LEO special retirement coverage or if the agency refuses to issue such a decision. ID at 3. Accordingly, we affirm the initial decision as modified and dismiss the appeal without prejudice to refile by the appellant 90 days after the date of this Nonprecedential Final Order, or within 30 days of the date of the appellant's receipt of a final agency decision regarding the appellant's request for LEO special retirement coverage, whichever date occurs earlier. *See, e.g.*, *Selig*, 102 M.S.P.R. 189, ¶ 8 (modifying the initial decision to allow the appellant to refile his appeal within 120 days of the date of the Opinion and Order or within 30 days of the date of issuance of the final decisions regarding his application for benefits, whichever date occurs earlier). In the event that the agency has already issued a final decision and the appellant has received that decision, the appellant must refile his appeal within 30 days of the date of this Nonprecedential Final Order.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.